# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOUMAS PRODUCE CO., INC., | 1:18-cv-457-LJO-SKO |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR IMMEDIATE ORDER APPROVING SETTLEMENT AGREEMENT AND ENTRY OF JUDGMENT (ECF No. 4) |
| v. | |
| ACADEMY FRUIT SALES, LLC, *et al.*, | |
| Defendants. | |

This case concerns agricultural commodities transactions governed by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. The Complaint, filed today, alleges that Defendants owe Plaintiff close to $500,000.00 as a result of a series of such transactions. ECF No. 1. Before the Court for decision is Plaintiff Choumas Produce Company, Inc,'s *ex parte* application for entry of an order approving a stipulated settlement agreement between it and the Defendants in this case. ECF No. 4. According to the *ex parte* application, the terms of the stipulation required Defendants to make payments to Plaintiff at specified times and in specified amounts. *Id*. at ¶ 1. Also according to the ex parte application, Defendants have defaulted on the terms of the stipulation by not timely remitting one or more payments. *Id*. at ¶ 4. Under the terms of the stipulation as presented to the Court, "judgment may be entered on an ex parte basis, predicated solely on the Stipulation and the fact that Defendants have defaulted by failing to abide by the terms of the Stipulation, subject only to the Defendants' right to challenge (a) whether a default has, in fact, occurred, or (b) whether there is any dispute about the amounts received by Plaintiff or net balance due to Plaintiffs." *Id*. at ¶ 5.

1

First, according to Plaintiff's own filings, there is no basis for this to proceed on an ex parte basis, as the stipulation permits Defendants an opportunity to object on various grounds. Second, although nothing in the papers explicitly requests emergency treatment of the motion, that request is implied by the circumstances, namely the filing of this motion on an ex parte basis before proofs of service of the Complaint have been returned, and the terms of the stipulation, which provide for immediate entry of judgment upon default. However, movant has presented absolutely no basis upon which to find that there is an emergency here. Temporary Restraining Orders are available in PACA cases under certain circumstances, e.g., threatened dissipation of PACA trust assets, *see T.Q.M. Food Serv., Inc. v. Santanas Grill, Inc.*, No. 12CV1254-IEG(MDD), 2012 WL 12872452, at *2 (S.D. Cal. June 6, 2012) (finding grounds for ex parte TRO in PACA case where Defendants were "presently engaged in dissipating the assets they are required to keep in trust under PACA"). While the Complaint in this case contains generic allegations that trust assets are being dissipated, ECF No. 1 at ¶ 27, Plaintiff has submitted no evidence (either in the form of a declaration or a verified complaint) to demonstrate that trust assets are actually threatened with dissipation in this case. Under Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required. Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

This is among the busiest district courts in the United States. The Court has rules about ex parte motions and about emergency motions both to protect the due process rights of the parties and to protect the ability of the Court to handle its existing, crushing caseload in an orderly and timely manner.

Movants have presented no authority to support the insupportable proposition that the parties can contract around this Court's rules. The motion is therefore **DENIED WITHOUT PREJUDICE** to its renewal if supported by appropriate evidentiary showings required by Rule 65 and Local Rule 231. Otherwise, Plaintiffs must file and serve on Defendants a properly noticed motion.

IT IS SO ORDERED.

Dated: **April 4, 2018** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE