# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOUMAS PRODUCE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> ACADEMY FRUIT SALES, LLC, *et al.*, <br><br> Defendants. | 1:18-cv-00457-LJO-SKO <br><br> **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ENFORCEMENT OF JUDGMENT AND VACATING MAY 10, 2018 HEARING (ECF No. 8)** |

    This case concerns agricultural commodities transactions governed by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. The Complaint, filed April 4, 2018, alleges that Defendants owe Plaintiff close to $500,000.00 as a result of a series of such transactions. ECF No. 1. According to documents submitted by Plaintiff, on March 23, 2018, the parties entered into a Settlement Agreement and Stipulation of Undisputed Facts for Entry of Judgment ("Stipulation") pursuant to which Defendants were to have made certain payments to Plaintiff at specified times and in specified manners. *See* Declaration of Elise O'Brien ("O'Brien Decl."), ECF No. 9, at ¶¶ 4-5 & Ex. 1 (Stipulation). According to the Declaration of counsel, Defendants have defaulted on the terms of the Stipulation by failing to timely remit payment due. *Id*. at ¶ 7.

    The terms of the Stipulation provide that "Defendants agree that Plaintiff may immediately file a complaint and have judgment entered on an ex parte basis and without further court order, subject only to Defendants' right to object to entry of judgment based solely upon the following grounds, and no others: (a) whether a default has in fact occurred, as such default is contemplated herein; or, (b) whether

any sums acknowledged by Plaintiff as having been received prior to default are accurate." Stipulation at ¶ 28. Plaintiff previously sought summary entry of judgment on an expedited and ex parte basis. ECF No. 4. That request was denied without prejudice to the filing of a properly noticed motion. ECF No. 7. Now before the Court is Plaintiff's motion for entry of judgment against Defendants Academy Fruit Sales, LLC and Jayson Paul T. Scarborough. ECF No. 8. The motion was set for hearing on May 10, 2018. *Id*. Pursuant to Local Rule 230, any opposition was due April 26, 2018. None was filed. The Court deems the matter suitable for decision on the papers pursuant to Local Rule 230(g), **VACATES** the May 10, 2018 hearing on the motion, and rules as follows.

In support of their motion for entry of judgment, Plaintiff cites California Code of Civil Procedure § 664.6 ("Section 664.6"), for the proposition that parties "may stipulate to entry of judgment, and when they do so, a court may 'upon motion, [ ] enter judgment pursuant to the terms of the settlement.'" ECF No. 8-1 at 2 (citing Section 664.6). But, Plaintiff neglects to quote the entirety of that provision, which provides in full:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

Section 664.6 (emphasis added). Because this case, filed April 4, 2018, was not pending when the Settlement Agreement was signed on March 23, 2018, the Court's independent research indicates that there is no basis for immediate entry of judgment.

A federal court "has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)(emphasis added). At least one federal district court in California has refused to use summary procedures to enforce settlement agreements entered into before a lawsuit was filed. *See Castorino v. True N. Investments LLC*, No. C 11-03872 SI, 2011 WL 6002771, at *1-3 (N.D. Cal. Nov. 30, 2011). The Court finds *Castorino*'s analysis

2

of *Callie* and Section 664.6 persuasive and adopts it here. Likewise, California cases establish that the summary procedure provided by Section 664.6 cannot be used to enforce a settlement reached before suit was filed. *Kirby v. Southern Calif. Edison Co.*, 78 Cal. App. 4th 840, 843-44 (2000). Nor may parties stipulate in an extra-judicial settlement agreement that the settlement may later be enforced as a judgment using the summary procedure of Section 664.6. *Housing Group v. United Nat. Ins. Co.*, 90 Cal. App. 4th 1106, 1111 (2001).

Accordingly, the present motion must be and is **DENIED**. However, a Complaint, filed after the parties entered into the Stipulation, raising at least one federal claim is before the Court. The Clerk of Court already has entered default against one Defendant and entry of default against the other Defendant appears to be imminent. Assuming default is entered against all Defendants, the Court will entertain on an expedited basis a motion for default judgment premised upon the stipulated facts contained within the Stipulation.

IT IS SO ORDERED.

Dated: **May 2, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE